In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of FRANK F. KRUPPENBACHER and FRED EISENHAUER, as Trustees of the Last Will and Testament of FREDERICK ZIEGLER, Deceased.

KATIE ZIEGLER and MARY BERNAUER, Appellants; FRANK F. KRUPPENBACHER and FRED EISENHAUER, as Trustees of the Last Will and Testament of FREDERICK ZIEGLER, Deceased, Respondents.

Second Department, March 6, 1939.

*Edward A. Alexander* [*John A. Klett* with him on the brief], for the appellants.

*Francis X. Donoghue*, for the respondents.

PER CURIAM. The widow of decedent, as life beneficiary of a trust of his residuary estate, instituted a proceeding to compel the trustees to account, and the trustees thereupon voluntarily filed an intermediate account and both proceedings were consolidated. Decedent died November 22, 1925. His estate, amounting

to about $29,000, consisted of $1,769.94 in cash and an equity of $27,000 in certain improved real estate in Yonkers, appraised at $41,000. The will authorized and empowered the trustees in their discretion to sell, either at private or public sale, at such time and in such manner and upon such terms and conditions as they may deem most advantageous, the whole or any part of the real estate of which the testator died seized. In December, 1936, the trustees sold the real property for $19,000, or $5,000 above the mortgages. After deducting accrued taxes and interest, the net sum realized on the sale was $2,441.98. Several objections were filed by the widow and one of the remaindermen to the trustees' account, with only one of which we are presently concerned, to wit, that the trustees were negligent in holding the real estate until December, 1936, instead of selling it within a reasonable time after testator's death. The surrogate dismissed the objection and allowed the trustees' commissions, as well as their costs and disbursements. The trustees had no experience in handling real estate, nor did they seek or take advice as to whether the property should be sold or retained. One of the trustees admitted that as early as September, 1930, after the trustees were requested by the widow's attorney to sell, they realized the property should be sold but they made no effort to do so, except by offering it to a tenant for $40,000. Under the circumstances the trustees were negligent and must be charged for such loss, if any, as resulted from their negligence. The proceedings should be remitted to the Surrogate's Court to fix and determine the amount of the surcharge as to both trustees. The measure of the surcharge should be determined as of September, 1930, or such reasonable time thereafter as it was possible to sell the property. If it should appear that there was no market for the property between September, 1930, and 1934, when the trustees first offered it for sale, or if it should appear that during that time the value of the property was not in excess of $19,000, the amount realized in 1936, then their negligence resulted in no loss to the estate. No commissions or costs should be allowed to the trustees.

The decree of the Surrogate's Court, Westchester county, settling respondents' intermediate account as trustees and dismissing appellants' objections, should be reversed on the law and the facts, with costs to appellants, payable by the trustees personally, and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion.

LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Decree of the Surrogate's Court, Westchester county, reversed on the law and the facts, with costs to appellants, payable by the trustees personally, and the matter remitted to the Surrogate's Court to proceed in accordance with opinion.