In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of FRANK J. KRUPPENBACHER and FRED EISENHAUER, as Trustees of the Last Will and Testament of FREDERICK ZIEGLER, Deceased. KATIE ZIEGLER and MARY BERNAUER, Appellants; FRANK J. KRUPPENBACHER and FRED EISENHAUER, as Trustees, etc., of FREDERICK ZIEGLER, Deceased, Respondents.— A proceeding was instituted in the Surrogate's Court of Westchester County by the widow of decedent, life beneficiary of a trust of his residuary estate, to compel the trustees to account. The latter voluntarily filed an intermediate account. Both proceedings were consolidated. Several objections to the trustees' account were filed by the widow and one of the remaindermen. Only one of those objections is here involved, namely, that the trustees were negligent in holding the real estate until 1936, instead of selling it within a reasonable time after the testator's death in 1925. In the subsequent proceedings before the surrogate, he dismissed the objection and allowed the trustees commissions and their costs and disbursements. The decree thereon entered was subsequently reversed on the law and facts by this court, and the matter was remitted to the Surrogate's Court to proceed in accordance with the opinion of this court. (*Matter of Ziegler*, 256 App. Div. 305.) Proceedings before the Surrogate's Court were had subsequent to such remission; and a decree was entered on August 28, 1939, to the effect that the objectants had failed to show to the satisfaction of the court that a market existed for the sale of the real property in question between September, 1930, and the year 1934, and that no loss resulted to this estate by reason of any negligence on the part of the trustees; that commissions and costs be denied to the trustees; that costs in a fixed amount be allowed to the objectants; and that the previous decree, except as amended, supplemented or modified by this decree, should be in all respects affirmed. From the decree of August 28, 1939, objectants appeal. Decree of the Surrogate's Court, Westchester County, reversed on the law and facts, with costs to appellants, payable by the trustees personally, and the matter remitted to the Surrogate's Court to proceed in accordance with the opinion of this court in *Matter of Ziegler* (*supra*). (1) The learned surrogate erred in his ruling, in effect, that the burden of proof was upon the objectants to establish that there was a market for the real estate in question between September, 1930, and 1934. The burden of showing that there was no such market was upon the trustees. (*Matter of Richardson*, 149 Misc. 192, 193.) (2) The surrogate's finding that no loss resulted to this estate by reason of any negligence upon the part of the trustees is against the weight of evidence. Lazansky, P. J., Johnston, Taylor and Close, JJ., concur; Hagarty, J., dissents, with the following memorandum: I dissent and vote to affirm. The property in question was sold in December of 1936 for $19,000. The proof is that during the period in question the only actual sale of comparable property was in 1932, for $22,000. The court should hesitate to surcharge trustees for holding assets of an estate during the period of depression through which we are passing.