In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of Frank J. Kruppenbacher and Fred Eisenhauer, as Trustees, etc., of Frederick Ziegler, Deceased. Katie Ziegler and Mary Bernauer, Appellants; Frank J. Kruppenbacher and Fred Eisenhauer, as Trustees, etc., of Frederick Ziegler, Deceased, Respondents.— Decree of the Surrogate's Court, Westchester County, adjudging that the value of the real property known as 37–39 Hudson street, Yonkers, N. Y., was not in excess of $19,000 between September, 1930, and the year 1934, and adjudging further that there was no market for such property during that period, and that consequently the estate sustained no loss by reason of the trustees' negligence, affirmed, without costs. On a former appeal we held that the trustees were negligent in failing to attempt to sell the real estate at an earlier date, and remitted the matter to the Surrogate's Court to determine whether a market existed for the property between 1930 and 1934, and if so, whether the property then had a value in excess of the price for which it was subsequently sold. (256 App. Div. 305.) On a second appeal we reversed a decree dismissing the objection to the account, on the ground that the surrogate had erred in placing the burden of proof on the objectants, and on the further ground that the determination of the surrogate that no market existed for the property was against the weight of evidence. (258 App. Div. 1077.) On

the third hearing it was established by new evidence that a supposed sale of reasonably comparable property on the same block in 1932 for $22,000 was not in fact a sale; that the property was simply conveyed to the mortgagee in lieu of foreclosure and for no money consideration. The other evidence given by witnesses on both sides for the purpose of establishing a market value was unsatisfactory. There was no proof of sales of other properties which were fairly comparable. The testimony as to values based on capitalization or reproduction cost was of questionable value and had no tendency in any event to establish the existence of a market. The assessed valuations had no probative force because they were far in excess of the appraisals testified to by all the expert witnesses. We conclude, under all the circumstances, that there was no market for the property between September, 1930, and the end of 1934. The respondents' expert witness so testified, and his testimony was not satisfactorily rebutted by the witnesses for the appellants. Lazansky, P. J., Adel and Close, JJ., concur; Carswell and Johnston, JJ., dissent and vote to reverse the decree and to remit the matter to an official referee to hear and to report, being of the opinion that the testimony of the witness upon which the surrogate relied was wholly lacking in probative value.